UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **GEORGE CORRENTE,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No.3:04cv0617 AS |
| | ) | |
| **JOHN VANNATTA,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about September 27, 2004, *pro se* petitioner, George Corrente, an inmate at the Miami Correctional Facility (MCF) in Bunker Hill, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on April 1, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The Attorney General has placed before this Court a series of documents designated A through J, both inclusive, which explicate in great detail the proceedings involved.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the MCF in this district. He was the subject of a prison disciplinary proceeding which included as a part of a sanction an earned credit deprivation of 120 days which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). He also was given time served in disciplinary segregation which implicates *Sandin v. Conner*, 515 U.S. 472 (1995).

It needs to be remembered that an inmate may challenge in a federal court whether a conviction was supported by "some evidence" only where he has raised that issue in <u>all</u> available administrative Appeals. *See Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002), and *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). The Conduct Adjustment Board (CAB) proceeding was held in February 2004 at the MCF and was designated as MCF 04-01-0404. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996). The focus here is not on violations of state law which generally includes the Adult Disciplinary procedures (ADP). *See Estelle v. McGuire*, 502 U.S. 62 (1991). This court does not bottom any decision here on harmless error.

Certainly, the Fourteenth Amendment of the Constitution of the United States contains an equal protection clause. *See Loving v. Virginia*, 388 U.S. 1 (1967). *See also Smith v. Town of Eaton*, 910 F.2d 1469 (7th Cir. 1990), as well as *Hack v. Oxford Health Care, Inc.*, 562 F.Supp. 295 (N.D. Ind. 1983). Under the relevant authority interpreting the equal protection clause of the Fourteenth Amendment, this petitioner simply fails to show any class-based discrimination and that basically ends the discussion on that subject.

The petitioner is making the bold statement that the CAB failed to consider evidence

favorable to the petitioner but has failed to sustain that general charge. This petitioner asserts that the CAB did not review a particular videotape. According to the record, the CAB did in fact review the tape that shows a snow bank and nothing of incident. Apparently the other two items, a statement by Officer Bingle and emergency response records are mentioned for the first time before this court. Officer Bingle was not listed as a witness on the conduct or screening report.

When it is all said and done, there is no basis here for relief here asserted or shown under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:** June 9, 2005

                          s/ ALLEN SHARP
                          **ALLEN SHARP, JUDGE**
                          **UNITED STATES DISTRICT COURT**